## Coley's Estate.

*John M. Dervin*, for exceptions; *Sadie T. M. Alexander*, contra.

SINKLER, J., Nov. 28, 1930.—There is little that can be added to the carefully considered adjudication filed in this case. As the learned Auditing Judge points out, the terms "war risk insurance" and "compensation" are used interchangeably, and in the account filed in this case all debits are designated as war risk insurance, although certain items appear to be compensation. The claim made by the Government at the audit is considered as an application for a refund of war risk insurance paid under a mistake of fact. Neither the Government nor the guardian has offered in evidence the policy of insurance issued by the United States Government to Freeman Coley, alleged father of the minor. Whether the policy was surrendered to the Government when application was made to it for the payment of the benefits therein stipulated, or other disposition has been made of it, it is not a part of the record in the present case. The policies of war risk insurance issued to enlisted men and officers serving in the United States Army during the World War designated the beneficiary to whom the insurance moneys were to be paid. The United States statute under which the war risk insurance was issued limits those who may be named as beneficiaries to persons bearing specified relationships to the insured. In this class are included children, and the act in another section defines the word "child."

Action has been taken by the bureau upon the application made in behalf of Samuel Coley, and payments have been made pursuant to such action. It, therefore, seems reasonably sure that he was the beneficiary named in the policy of insurance in the present case.

In dismissing the exceptions filed to the adjudication of the President Judge, we emphasize two of the reasons assigned by him.

1. The fact that no notice was received by the guardian of the rehearing before the United States Veterans Bureau when the conclusion was reached that the beneficiary was not the child of Freeman Coley. There was no evidence in the record that notice was sent to the guardian, although the bureau would have had no difficulty in serving such notice and was well aware of the whereabouts of the guardian. The guardian was, therefore, deprived of the opportunity to cross-examine the witnesses produced before the bureau and to offer evidence in support of the claim of the guardian. A conclusion reached

in an *ex parte* proceeding cannot be regarded as based upon a fair consideration of all the evidence in the case, and may be justly called arbitrary, and, therefore, under the decision cited, subject to review by the court.

2. The position of counsel for the Government seems incongruous. He argues that the decision of the Veterans Bureau is final, yet the letter of general counsel for the United States Veterans Bureau, addressed to the Assistant Director in Charge of Adjudication Service, dated July 18, 1929, which directs that all payments to the guardian should be stopped, further directs that the guardian be advised of the ruling in order that he may take such action to protect the rights of the child as he may deem advisable One may well ask what action the guardian could take respecting the final decision, and one, therefore, which would not be subject to appeal when reviewed. This, in our judgment, upholds the position taken by the learned President Judge, to wit, that the finding of the Veterans Bureau is not, under all circumstances, exempt from appeal or review.

The evidence taken at the hearing before the President Judge fully supports his finding, which is to the effect that the minor is in fact the son of Freeman Coley, and that the claim of the Government to refund the payments made to the guardian should be dismissed.

The exceptions are dismissed and the adjudication confirmed absolutely.